UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARMEN CRUZ RODRIGUEZ,

    *Petitioner,*

v.                                                          Case No.: 3:26-cv-1473-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

    *Respondents.*

_____/

## **ORDER**

Petitioner, an immigration detainee, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 on June 5, 2026. (Doc. 1). She argues that her prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (*See* Doc. 1 at 6–7). As relief, she seeks immediate release from ICE custody. (*Id.* at 8).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S.

_____

[1] Although Petitioner does not cite to *Zadvydas*, her allegations resemble the language used in *Zadvydas*. *See United States v. Ogiekpolor,* 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal.*" *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas*

2

claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, by her own admission, Petitioner is appealing her removal order. (Doc. 1 at 5). Thus, her removal order is not final, rendering any purported claim she raises under *Zadvydas* not yet ripe, and the Petition is premature. Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.

3. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on June 17, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Carmen Cruz Rodriguez